IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FEB 27 2023
TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

| | |
|---|---|
| BOBBIE RAY MCCARTY, <br> An individual, <br><br> Plaintiff, <br><br> v. <br><br> VIP LOGISTICS, LLC, <br> A Michigan Limited Liability Co., <br> VIP SUPPLY CHAIN SOLUTIONS, LLC., <br> A Michigan Limited Liability Co., <br> BOBIN TRUCKING LLC, <br> A Michigan Limited Liability Co. <br> MOHAMMED SALEH QAID ALGALHAM, <br> An individual, <br> FUAD MAHFIUDH-NASSER ALGALHAM, <br> An individual, <br><br> Defendants | Case No. 4:23-cv-150-KGB <br> Judge: <br><br><br> This case assigned to District Judge Baker <br> and to Magistrate Judge Harris <br><br><br><br> Attorney Lien Claimed |

## COMPLAINT

COMES NOW, Plaintiff, Bobbie Ray McCarty, by and through counsel, Jack G. Zurawik of Jack G. Zurawik, P.C. who alleges and states in support of this Complaint for damages against the Defendants, VIP Logistics, LLC, VIP Supply Chain Solutions, LLC, Bobin Trucking LLC, Mohammed Saleh Qaid Algalham, and Fuad Mahfoudh-Nasser Algalham as follows:

### PARTIES

1. Bobbie Ray McCarty is a citizen of Rogers County, Oklahoma;

2. VIP Logistics, LLC, is a Michigan limited liability company with its principal place of business at 29400 25 Mile Rd. Chesterfield, MI 48051. Registered Service Agent is Borislav

Iovanovici of the same address.

3. VIP Logistics, LLC can be served, according to the Federal Motor Carrier Safety Administration, with a copy of the complaint and summons through its BOC-3, Process Agent Service Company, Inc. c/o Steven Smith at 1206 Garrison Ave, Ft. Smith, AR 72901.

4. VIP Logistics, LLC is registered with the U.S. Department of Transportation under DOT number 1508252 and MCC 565603.

5. VIP Supply Chain Solutions, LLC, is Michigan limited liability company with its principal place of business at 56252 Robin CT, Macomb Township, MI 48042. Registered Service Agent is Borislav Iovanovici of 29400 25 Mile Rd. Chesterfield, MI. 48051.

6. VIP Supply Chain Solutions, LLC can be served, according to the Federal Motor Carrier Safety Administration, with a copy of the complaint and summons through its BOC-3, Interstate Authority LLC c/o David McCreery, 3700 Cantrell Road, Suite 205, Little Rock, AR 72202.

7. VIP Supply Chain Solutions, LLC, is registered with the U.S. Department of Transportation under DOT number 2247864 and MCC 731092.

8. Bobin Trucking LLC is a Michigan limited liability company with its principal place of business at 29400 25 Mile Rd. Chesterfield, MI 48051. Registered Service Agent is Borislav Borislav Iovanovici of the same address.

9. Bobin Trucking LLC registration is recorded with the same numbers as VIP Logistics LLC: DOT number 2247864 and MCC 731092.

10. Mohammed Saleh Qaid Algalham is a citizen of the State of Michigan, residing in Dearborn, Michigan.

11. Fuad Mahfoudh-Nasser Algalham is a citizen of the State of Michigan, residing in Dearborn, Michigan.

## JURISDICTION

12. The Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332 (a), because (a) the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs; and (b) the parties are citizens of different states.

13. The location of the accident that is the basis of this action was Lonoke County, Arkansas.

## BACKGROUND

14. Defendant VIP Logistics LLC is an interstate motor common carrier based out of Michigan.

15. Upon information and belief, Defendant Bobin Trucking LLC is the owner of the Volvo tractor, identified by VIN # 4V4NC9EJ7FN918721, operated by either Defendant Mohammed Saleh Qaid Algalham or Fuad Mahfoudh-Nasser Algalham.

16. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and Defendants VIP Logistics LLC, VIP Supply Chain Solutions, LLC, Bobin Trucking, LLC, Mohammed Algalham and Fuad Algalham each of which are subject to and were required to obey these regulations at the time of the wreck and at all relevant times prior to the wreck.

17. At all relevant times, Defendants VIP Logistics LLC and VIP Supply Chain Solutions LLC were for-hire commercial motor carriers operating tractor-trailers for property transport in interstate commerce.

18. Upon information and belief, at the time of the wreck, Defendants Mohammed Algalham and Fuad Algalham were employees and/or agent of Defendants VIP Logistics LLC, VIP Supply Chain Solutions LLC, and or Bobin Trucking LLC.

19.  Upon information and belief, at all times relevant hereto, both Defendants Mohammed Algalham and Fuad Algalham were truck drivers for one or more of the Defendants, VIP Logistics LLC, VIP Supply Chain Solutions LLC, and or Bobin Trucking LLC and were acting within the scope and course of the business of one or more of the Defendants.

20.  At all times relevant hereto, Defendants VIP Logistics, LLC, VIP Supply Chain Solutions LLC and Bobin Trucking LLC were acting by and through its employees/agents and are responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, negligent entrustment, negligent hiring of an independent contractor, or similar theory of law.

## STATEMENT OF FACTS

21.  All preceding statements of Plaintiff's Complaint are incorporated herein and re-alleged as if expressly set forth herein.

22.  On or about March 6, 2020, Defendant Mohammed Algalham was driving a tractor-trailer owned by Defendant VIP Logistics LLC **westbound** on Interstate 40, near mile marker 180 in Lonoke County, Arkansas.

23.  Defendant VIP Logistics LLC was a for-hire motor carrier operating a tractor trailer transporting property in interstate commerce on the day of the wreck.

24.  Defendant Mohammed Algalham had a duty to maintain the tractor-trailer to ensure the safety of citizens on the roads, interstates and highways.

25.  Defendant Mohammed Algalham had a duty to inspect the tractor-trailer before driving it to ensure the safety of citizens on the roads, interstates and highways.

26.  Plaintiff Bobbie McCarty was driving for M&M Athletic Supply out of Ft. Smith, AR, and was eastbound on Interstate 40, Lonoke County, Arkansas, near mile marker 180.

27. Traffic on Interstate 40, Lonoke County, Arkansas, was flowing without difficulty until, without warning, Defendant Mohammed Algalham lost control of his 60,0000 pound vehicle and veered into the center median with such force and impact that the steel positive cable barrier was destroyed hurling steel posts and steel cable debris at and into the cab of McCarty's truck resulting in personal injuries to McCarty through no fault of his own.

28. Defendant Mohammed Algalham, driving for Defendant VIP Logistics LLC, was driving too fast for conditions and was not able to maintain control of his rig to keep it from entering the median and crashing through the steel cable barrier.

29. The impact from the steel posts and steel cable penetrating McCarty's cab caused McCarty to engage emergency procedures to control his rig, keeping it from jackknifing and forcing the rig off the road to the right thereby avoiding contact with other vehicles.

30. Defendants' negligence and carelessness, combined and individually, were the proximate cause of the wreck and injuries to McCarty.

31. No act of Bobbie McCarty was a cause of the wreck.

32. No failure to act by Bobbie McCarty was a cause of the wreck.

33. Bobbie McCarty was severely injured as a result of the wreck.

### COUNT I – NEGLIGENCE OF VIP LOGISTICS LLC : NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION, AND MAINTENANCE

34. All preceding statements and allegations of the Complaint are incorporated and re-alleged as if expressly set forth herein.

35. Regardless of the employment relationship, Defendant VIP Logistics LLC is the registered owner of U.S. DOT number 1508252 and MCC number 565603, displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

36. At all times relevant to this cause of action, Defendants, VIP Logistics LLC and Defendants Mohammed Algalham & Fuad Algalham were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §§ 301-399), either directly or as adopted by the Arkansas Department of Transportation Safety Rules and Regulations, at the time of the wreck.

37. At all times relevant to this cause of action, Defendant VIP Logistics LLC and Defendant Mohammed Algalham and Fuad Algalham were subject to and required to obey the minimum safety standards.

38. That Defendant VIP Logistics LLC and Defendants Mohammed Algalham & Fuad Algalham will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which establishes the industry minimum standards, including, but not limited to:

   a. §383   Commercial Driver's License Standards
   b. §390   General
   c. §391   Qualifications of Drivers
   d. §392   Driving of Commercial Motor Vehicles
   e. §393   Parts and Accessories Necessary for Safe Operation
   f. §395   Hours of Service
   g. §396   Inspections, Repairs, and Maintenances

39. Defendant VIP Logistics LLC was required to teach and train Defendant Mohammed Algalham and Fuad Algalham so that they were competent to understand and obey the rules and regulations contained in the FMCSR.

40. Defendant VIP Logistics LLC was required to teach and train Defendant Mohammed Algalham and Fuad Nassar so that they were competent to understand and obey the rules and regulations of the Arkansas Department of Safety.

41. Defendant VIP Logistics LLC was negligent, and grossly negligent, in:

   a. hiring and/or contracting with Defendants Mohammed Algalham and Fuad Algalham to drive the tractor-trailer at issue;

   b. training of Defendants Algalham and Nassar on the FMCSR and Commercial Driver's Manual;

   c. failing to supervise Defendants Algalham and Nassar while driving the tractor-trailer;

   d. failing to train Defendants Algalham and Nassar to properly drive the tractor-trailer;

   e. failing to train Defendants Algalham and Nassar to properly inspect the tractor-trailer;

   f. failing to train Defendant Algalham and Nassar to properly maintain the tractor-trailer;

   g. retaining Defendants Algalham and Nassar to drive the tractor-trailer;

   h. failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendants Algalham and Nassar .

42. Defendant VIP Logistics LLC had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe and negligently failed to do so.

43.     In order to put the matter at issue, Plaintiff alleges that Defendant VIP Logistics LLC and Defendant Mohammed Algalham and Fuad Algalham were negligent in the maintenance of the tractor-trailer and in the hiring, supervision, training, and retention of Defendant Mohammed Algalham and Fuad Algalham and these acts of negligence, combined and concurring with the other acts of negligence of the Defendants, proximately resulted in the life altering injuries and damages to the Plaintiff.

44.     Defendant VIP Logistics LLC through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

 a. The risks associated with unsafe drivers,

 b. The risks associated with failing to train drivers to obey the FMCSR,

 c. The risks associated with failing to train drivers to follow minimum driving standards for commercial drivers,

 d. The risks associated with failing to train drivers to follow minimum inspection standards for commercial drivers,

 e. The risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers,

 f. The risks associated with failing to have adequate risk management policies and procedures in place,

 g. Failing to ensure its routes could be driven within hours-of-service,

    h. Requiring drivers to meet unrealistic driving goals which VIP Logistics LLC knew, had reason to know, or should have known would cause its drivers to violate the hours-of-service regulations,

    i. Failing to have policies and procedures in place to identify undertrained and unqualified drivers,

    j. Failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Mohammed Algalham and Fuad Algalham once he was hired.

    k. Failing to implement and follow a written safety plan.

    l. Failing to protect the members of the public, such as the Plaintiff, from the risks described above,

    m. Failing to use the composite knowledge reasonably available to Defendant VIP Logistics LLC to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

45. The negligence of Defendants VIP Logistics LLC, VIP Supply Chain Solutions, LLC, Bobin Trucking, LLC, Mohammed Algalham and Fuad Algalham combined and individually, was a proximate cause of the injuries suffered by Bobbie McCarty.

46. As a result of Defendants VIP Logistics LLC, VIP Supply Chain Solutions, LLC, Bobin Trucking, LLC, Mohammed Algalham and Fuad Algalham actions and inactions, combined and individually, Bobbie McCarty suffered serious injuries affecting his activities of normal daily living as well as his physical and mental wellness.

## COUNT II – NEGLIGENCE OF VIP SUPPLY CHAIN SOLUTIONS, LLC .: NEGLIGENT HIRING, SUPERVISION, AND MAINTENANCE

47.   All preceding statements and allegations of Bobbie McCarty's Complaint are incorporated and realleged as if expressly set forth herein.

48.   Defendant VIP Supply Chain Solutions, LLC was negligent, and grossly negligent, in:

   a. failing to supervise Defendant Mohammed Algalham and or Fuad Algalham while driving the VIP Supply Chain Solutions, LLC vehicle;

   b. failing to train Defendant Mohammed Algalham and or Fuad Algalham to properly maintain the VIP Supply Chain Solutions, LLC vehicle.

49.   Defendant VIP Supply Chain Solutions, LLC through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

   a. The risks associated with unsafe drivers,

   b. The risks associated with failing to train drivers to follow minimum driving standards for commercial drivers,

   c. The risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers,

   d. The risks associated with failing to have adequate risk management policies and procedures in place,

   e. Failing to have policies and procedures in place to identify undertrained and unqualified drivers,

    f. Failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Algalham and or Fuad Algalham once he was hired,

    g. Failing to implement and follow a written safety plan,

    h. Failing to protect the members of the public, such as the Plaintiff, from the risks described above,

    i. Failing to use the composite knowledge reasonably available to VIP Supply Chain Solutions, LLC to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk,

    j. Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above.

50. As a result of Defendants VIP Logistics LLC, VIP Supply Chain Solutions, LLC, Bobin Trucking, LLC, Mohammed Algalham and Fuad Algalham actions and inactions, combined and individually, Bobbie McCarty suffered serious injuries affecting his activities of normal daily living as well as his physical and mental wellness.

### COUNT II – NEGLIGENCE OF BOBIN TRUCKING LLC .: NEGLIGENT HIRING, SUPERVISION, AND MAINTENANCE

51. Defendant Bobin Trucking LLC was at all relevant times acting as a corporation that provides commercial car and truck financing and fleet management services.

52. Defendant Bobin Trucking LLC failed to supervise and or train its employee, agent and/or contractor; Defendants Mohammed Algalham and or Fuad Algalham.

53.     Defendant Bobin Trucking, LLC failed to inspect, maintain and or repair its vehicle creating hazards to the public, including but not limited to, drivers of other vehicles such as Plaintiff Bobbie McCarty. .

54.     The negligence of Defendant Mohammed Algalham and or Fuad Algalham, combined and individually, was a proximate cause of the injuries sustained by Bobbie McCarty.

55.     As a result of Defendants VIP Logistics LLC, VIP Supply Chain Solutions, LLC, Bobin Trucking, LLC, Mohamed Algalham and Fuad Algalham actions and inactions, combined and individually, Bobbie McCarty suffered serious injuries affecting his activities of normal daily living as well as his physical and mental wellness.

## COUNT III
## NEGLIGENCE OF DRIVERS

56.     All preceding statements and allegations of plaintiff's Complaint are incorporated herein and re-alleged as if expressly set forth herein.

57.     At the time of the wreck, Defendant Mohammed Algalham and or Fuad Algalham failed to exercise due care by driving carelessly, failing to inspect or maintain the tires on the rig, speeding, and disregarding the actual and potential hazards then existing.

58.     Exceeding the mandatory number of hours allowed to be driven.

59.     Failing to monitor, record or the number of hours driven.

60.     Regardless of the employment relationship, Defendant Bobin Trucking LLC was identified as the owner of the 2015 Volvo tractor with license plate number MI RB 21255.

61.     Defendant Mohammed Algalham and or Fuad Algalham failed to maintain control of the truck resulting in the truck entering the median of the highway, destroying the protective cable

barrier and causing steel posts and cable to penetrate the cab of McCarty's truck resulting in life altering personal injuries as defined by Arkansas law.

62. At the time and place of this wreck, Defendant Mohammed Algalham and or Fuad Algalham were negligent in that they were violating one or more of the statutes of the State of Arkansas, which sets the standard for a reasonably prudent person in Arkansas to include but not be limited to:

    a. Ark. Code. Ann. § 27-51-104(a) failed to keep his vehicle under control;

    b. Ark. Code. Ann. § 27-51-104(a) failed to keep a proper lookout;

    c. Ark. Code. Ann. § 27-51-104(a) failed to timely apply his brakes, alter direction of travel, or take any other appropriate action when he, by the exercise of due and reasonable care, should have seen the vehicle in front of him;

    d. Ark. Code. Ann. § 27-51-104(a) failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the wreck;

    e. Ark. Code. Ann. § 27-51-104(a) failed to stop with the flow of traffic;

    f. Ark. Code. Ann. § 27-51-104(a) failed to keep a safe and reasonable distance between the car he was following and his tractor-trailer (following too closely);

    g. Ark. Code. Ann. § 27-51-104(a) failed to operate his vehicle in a manner considerate of the safety and lives of the other persons lawfully on the road;

    h. Ark. Code. Ann. § 27-51-104(a) such other actions or inactions that may be shown at a hearing of this cause.

63. Defendants' negligence, combined and individually, proximately created a hazard that caused impact and penetration of the vehicle operated by Bobbie McCarty's resulting in damages and injuries.

64. That Defendants Mohammed Algalham and Fuad Algalham was subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by the Arkansas Department of Transportation Safety Rules & Regulations at the time and date of the wreck.

65. The Defendant Mohammed Algalham and Fuad Algalham will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations which constitutes negligence as the FMCSR sets the industry minimum standards, including but not limited to:

    a. §383   Commercial Driver's License Standards

    b. §390   General

    c. §391   Qualifications of Drivers

    d. §392   Driving of Commercial Motor Vehicles

    e. §393   Parts and Accessories Necessary for Safe Operation

    f. §395   Hours of Service

    g. §396   Inspections, Repairs, and Maintenances

66. That Defendant Mohammed Algalham and Fuad Algalham will be shown at trial to have violated the state and Federal Motor Carrier Safety Regulations, which constitutes negligence.

67. As a result of Defendants VIP Logistics LLC, VIP Supply Chain Solutions, LLC, Bobin Trucking, LLC, Mohammed Algalham and Fuad Algalham's actions and inactions, combined and individually, Bobbie McCarty suffered serious injuries affecting his activities of normal daily living as well as his physical and mental wellness.

## COUNT IV - DAMAGES

68. All preceding statements and allegations of Bobbie McCarty's Complaint are incorporated herein and re-alleged as if expressly set forth herein.

69. As a result of the negligence of one or more Defendants Bobbie McCarty suffered life altering injuries to his body, both physically and mentally.

70. McCarty suffered injuries to multiple parts of his body including but not limited to his lumbar spine, shoulders, neck, arms, hand and legs.

71. The injuries suffered by McCarty resulted in multiple surgeries to his back and shoulder including a shoulder prosthesis and lumbar fusion.

72. Bobbie McCarty has incurred medical expenses in excess of $75,000.00.

73. Bobbie McCarty will incur medical expenses in the future in excess of $75,000.00.

74. Bobbie McCarty has lost and will lose income in an amount greater than $75,000.00.

75. Bobbie McCarty has suffered impairment to his ability to earn the same or similar wage he was earning at the time of the accident in an amount greater than $75,000.00.

76. Bobbie McCarty has suffered permanent physical impairment that has and will affect his mobility and ability to life a normal life.

77. Bobbie McCarty has suffered disfigurement to his body, including the implantation of a prosthetic shoulder, which entitles him to compensation greater than $75,000.00.

78. Bobbie McCarty has and will suffer Pain, Suffering & Mental Anguish which entitles him to compensation in an amount greater than $75,000.00.

79. Defendants' conduct, combined and individually, constituted a conscious disregard for the life and safety of Bobbie McCarty and for the lives and safety of the motoring public generally,

and these defendants are therefore liable to Bobbie McCarty for exemplary or punitive damages in excess of $75,000.00.

**WHEREFORE,** Bobbie McCarty prays that the following relief be granted:

a. A trial by jury;

b. For Summons and Complaint to issue against the Defendants;

c. For judgment against the Defendants, to compensate Bobbie McCarty for his pain and suffering, past, present, and future;

d. For judgment against the Defendants, in an amount sufficient to compensate Bobbie McCarty for the medical expenses incurred to date, as well as for medical expenses which will be incurred in the future;

e. For judgment against the Defendants in amount sufficient to compensate Bobbie McCarty for lost wages incurred, including future lost wages or ability to earn income;

f. Such other economic and non-economic losses as may be shown at the hearing of this matter.

g. That Bobbie McCarty obtain judgment against the Defendants in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, in an amount in excess of $75,000.00.

h. For an award of punitive damages against Defendant VIP Logistics LLC and Defendants Mohammed Algalham and or Fuad Algalham in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case. The amount in controversy will exceed $75,000.00.

i. For an award of punitive damages against Defendant VIP Supply Chain Solutions,

      LLC and Defendants Algalham and or Fuad Algalham in an amount the jury believes to be just, fair, and equitable, given the facts and after hearing the issues in this case. The amount in controversy will exceed $75,000.00.

j. For an award of punitive damages against Defendant Bobin Trucking LLC and Defendants Algalham and or Fuad Algalham in an amount the jury believes to be just, fair, and equitable, given the facts and after hearing the issues in this case. The amount in controversy will exceed $75,000.00.

k. Court Cost and discretionary Costs.

l. For all such further and general relief which this Court deems just and proper.

      Respectfully submitted,

      _____
Jack Zurawik, AR Bar #2022096
Zurawik Law Firm
P.O. Box 35346
Tulsa, OK 74135-0346
Voice: (918) 664-1113  Fax: (918) 622-2572
Jack@zurawik.lawyer