**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**BOBBIE RAY MCCARTY**                                                                                     **PLAINTIFF**

**v.**                                        **Case No. 4:23-cv-150-KGB**

**VIP LOGISTICS, LLC,** *et al.*                                                                          **DEFENDANTS**

**PROTECTIVE ORDER**

Before the Court is the parties' joint motion for agreed protective Order (Dkt. No. 20). The parties submitted to the Court a proposed agreed protective Order with their joint motion for agreed protective Order (Dkt. No. 20, at 4–12). Based on the agreement of the parties, the Court hereby grants the parties' joint motion for agreed protective Order, but with some modifications to the language in the proposed agreed protective Order (*Id.*). The Court enters this Protective Order to govern the exchange of materials in this action pursuant to Fed. R. Civ. P. 26(c). It is hereby ordered as follows:

1.      This Protective Order is entered based on the agreement of the parties pursuant to the Federal Rules of Civil Procedure.

2.      For purposes of this Protective Order, the following words and phrases are defined:

    (a)      Action or litigation is the civil action *Bobbie Ray McCarty v. VIP Logistics, LLC et al.*, Case No. 4:23-cv-150-KGB, filed in the United States District Court for the Eastern District of Arkansas, Central Division.

    (b)      Party or parties includes Bobbie Ray McCarty, VIP Logistics, LLC, VIP Supply Chain Solutions, LLC, Bobin Trucking LLC, Mohammed Saleh Qaid Algalham, and Fuad Mahfiudh-Nasser Algalham.

(c) Qualified Recipient means an individual who receives Confidential Documents and/or Information consistent with the terms of this Protective Order and agrees in writing to be bound by the Confidentiality Acknowledgment agreed to by the parties.

(d) Confidential means a claim of protection by the terms of this Protective Order.

(e) Confidential Documents and/or Information means documents or information produced in discovery during the course of this litigation and designated by a party as entitled to confidentiality and protection consistent with the terms of this Protective Order.

3. The parties agree that documents or information already in the public domain are not subject to this Protective Order.

4. Designation of Confidential Documents and/or Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as Confidential in written communications with counsel for a party.

5. A party may designate as Confidential portions of any deposition transcript wherein documents or information designated as Confidential are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made on the record during the deposition or by letter sent by facsimile or electronic mail to all counsel within 30 business days after receipt of the transcript or file-marked entry of this Protective Order, whichever date is later. The portions of a deposition transcript that mention or discuss documents or information designated as Confidential must be treated as Confidential and therefore are subject to this Protective Order.

6. The inadvertent production or transmission of documents or information without designation as Confidential Documents and/or Information intended to be so designated, or that should have been designated as Confidential, shall not waive the right of any party to so designate such document or information. Any document or information that is inadvertently not designated as Confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as Confidential under this Protective Order.

7. Except as otherwise stated in this Protective Order, Confidential Documents and/or Information produced pursuant to this Protective Order shall not be disclosed to any third party or otherwise distributed or used in connection with any other claim or litigation, absent specific written authorization from the producing party, provided that Confidential Documents and/or Information may be disclosed or made available to the Court; to record counsel for the parties, including the paralegal, clerical, and secretarial staff employed by such counsel; and to Qualified Recipients consistent with the terms of this Protective Order. The parties and their counsel shall only disclose Confidential Documents and/or Information to those Qualified Recipients who counsel determine, in their discretion, are reasonably necessary to the preparation, defense, prosecution, or resolution of this action.

8. Qualified Recipients of documents and information marked "CONFIDENTIAL" shall include only the following:

(a) Counsel of record for the parties to this litigation, including members or employees of counsel's law firm and any counsel associated to assist in the preparation or trial of this case;

(b) Any consultant or expert retained by any of the parties;

(c) Any claims representative for any of the parties;

  (d)  The Court, the Court's staff, the court reporter, and the jury involved in this litigation;

  (e)  Any other individual agreed to by the parties in writing;

  (f)  Any other individual included by Order of the Court.

9. All produced Confidential Documents and/or Information shall be carefully maintained so as to preclude access by persons who are not Qualified Recipients.

10. No copies of Confidential Documents and/or Information shall be made except by or on behalf of counsel of record. Any person making copies of such documents or information shall maintain all copies within their possession or the possession of those entitled to access to such documents and information under this Protective Order.

11. Confidential Documents and/or Information produced pursuant to this Protective Order shall be held in confidence by each individual and Qualified Recipient to whom disclosed, shall be used only for purposes of the prosecution, defense, or settlement of this action and for no other purpose.

12. Confidential Documents and/or Information produced pursuant to this Protective Order shall be used only for purposes of this litigation. No person or entity authorized under this Protective Order to gain access to Confidential Documents and/or Information:

  (a)  shall disclose any of the Confidential Documents and/or Information to any other individual, directly or indirectly, except as authorized by this Protective Order; or

  (b)  shall use any of the Confidential Documents and/or Information to the detriment of the producing party or for any other business or financial benefit of the person or entity.

13. In the event of a disclosure in violation of this Protective Order, whether intentional or unintentional, the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosures.

14. In the event either party is subpoenaed or otherwise required by legal process to disclose the Confidential Documents and/or Information which a party has obtained under the terms of this Protective Order, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

15. Any Confidential Documents and/or Information disclosed in any pleading, motion, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such Confidential filing is capable of redaction, the redacted version is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The redacted version of a Confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

16. If either party objects to the claims that documents or information should be deemed Confidential Documents and/or Information pursuant to this Protective Order, that party's counsel of record shall inform opposing counsel in writing within 30 days of receipt of the Confidential Documents and/or Information that the documents or information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The motion should describe with specificity the particular materials for which the designation is being challenged and set forth with specificity the particular materials that are not properly designated as Confidential. Upon such a motion, the materials should be submitted under

seal for the Court to conduct a review *in camera* to determine the validity of the Confidential nature of the documents or information in question. The documents and information shall continue to have Confidential status during the pendency of any such motion and are subject to the terms of this Protective Order pending a determination by the Court on the merits of any such challenge.

17. This Protective Order does not prevent a party from seeking to compel production of redacted documents or information at a later time, if it were believed to be relevant and otherwise discoverable.

18. Nothing in this Protective Order shall be deemed as a waiver of any applicable privilege or protection.

19. The parties agree to and the Court orders protection of privileged and otherwise protected documents and information against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a) The disclosure or production of any document and information by a party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a receiving party or any third parties, shall in no way constitute the voluntary disclosure of such document or information.

(b) The inadvertent disclosure or production of any document or information in this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such document or information as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c) If, during the course of this litigation, a party determines that any document or information produced by another party is or may reasonably be subject to a legally

recognizable privilege or evidentiary protection, the parties shall comply with the procedures outlined in Federal Rule of Civil Procedure 26(b)(5) with respect to the document or information.

20. Nothing in this Protective Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, or other information.

21. Subject to the Federal Rules of Evidence, any Confidential Documents and/or Information may be offered in evidence at trial or any Court hearing. Any party may move the Court to prevent unnecessary disclosure of Confidential Documents and/or Information.

22. No lawyer for any party may comment in the presence of the jury on the reasons or motivation for designating materials as Confidential or under seal without first having obtained specific permission from the Court to do so.

23. The parties may agree subsequently to exclude any documents or information from coverage under this Protective Order.

24. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the Confidential nature of Confidential Documents and/or Information designated Confidential pursuant to this Protective Order.

25. At the conclusion of this action, including all appeals, counsel for the parties shall take all reasonable steps necessary to reclaim and destroy or return all copies of Confidential Documents and/or Information to opposing counsel.

26. Nothing in this Protective Order shall prevent any party from seeking modification of this Protective Order at any time as to specific documents or information designated

Confidential or to remove such documents or information from the application of this Protective Order.

    It is so ordered this 28th day of August, 2024.

*Kristine G. Baker*
_____
Kristine G. Baker
Chief United States District Judge